# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION
## NOT FOR PUBLICATION

December 21, 2007

Natalja Loukhton
345 Prospect Avenue Apt. 7C
Hackensack, NJ 07601
    (*Petitioner Pro Se*)

Christopher J. Christie
United States Attorney
By: John Silbermann
Assistant United States Attorney
United States Attorney's Office
970 Broad Street
Newark, NJ 07102

        **RE:**    **Natalja Loukhton v. Michael Chertoff, Secretary of the Department of Homeland Security, et al. (07-664)**

Dear Litigants:

    *Pro Se* Petitioner Natalja Loukhton has filed a Petition for a Hearing on her Naturalization Application, pursuant to 8 U.S.C. §1447(b).  The petition names four respondents:  Michael Chertoff, the Secretary for the Department of Homeland Security; Emilio T. Gonzales, Director of the United States Citizenship and Immigration Services ("USCIS"); Andrea Quarantillo, Newark District Director for USCIS; and Robert S. Mueller, Director of the Federal Bureau of Investigation ("FBI").

    Respondents have filed a Motion to Dismiss or, in the alternative, to Remand. Petitioner filed no opposition.  The Court decides this matter without oral argument

pursuant to Fed. R. Civ. P. 78.  For the reasons stated below, the Court **DENIES** Respondents' Motion to Dismiss and grants **REMAND** to USCIS with instructions.

**I.     BACKGROUND**

Petitioner is a lawful permanent resident of the United States.  On or about July 28, 2005, she applied for U.S. citizenship.  She was interviewed on March 7, 2006, and passed her English proficiency and U.S. history and government tests.  The interview is one part of a three-step background check administered on every applicant for naturalization.  In addition to an interview, USCIS runs a fingerprint and name check through the FBI.  A request from USCIS for a name check on Petitioner was received by the FBI on or about August 12, 2005, but the name check has not yet been completed.  Since her interview, Petitioner has made several attempts to ascertain the status of her application.

Petitioner argues that Respondents have violated 8 U.S.C. §1447(b) because more than 120 days have lapsed since her examination and no adjudication has been made as to her application. The relevant statute provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court . . . for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. §1447(b).  Respondents move to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(1).  In Respondents' view, this Court lacks jurisdiction under 8 U.S.C. § 1447(b) — which grants jurisdiction only after the expiration of 120 days following "the date on which the examination is conducted" — because "examination" includes the completion of the entire three-step background check: the interview, the fingerprinting, and the name check.  According to Respondents, the petition is not ripe for review because USCIS has not completed the third step, Petitioner's name check.  In the alternative, Respondents seek remand so that the check may be completed.  Although Petitioner has filed no opposition to Respondents' motion, this Court must consider the issue raised and can grant Respondents' motion only if it is supported by law.

## II. DISCUSSION
### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(h)(3) requires dismissal "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Furthermore, "[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (internal quotations omitted).

### B. Analysis

This case is indistinguishable from *Loukhton v. Chertoff,* No. 07-663, 2007 U.S. Dist. LEXIS 59271, 2007 WL 2363154 (D.N.J. Aug. 14, 2007), in which a court in this jurisdiction denied a similar motion to dismiss but granted a motion to remand with specific instructions to timely adjudicate the N-400 application. This Court relies upon the reasoning and analysis set forth in *Loukhton* in reaching the same conclusion here.[1] Specifically, this Court concludes that, considering as context the relevant statutes and regulations — 8 U.S.C. § 1446, 8 C.F.R. § 310.5, and 8 C.F.R. § 335.2 — the word "examination" in 8 U.S.C. § 1447(b) refers to the date of the examination interview conducted by a USCIS officer, and not to the entire "examination process." This conclusion is in accord with that reached by the clear majority of courts which have considered this issue. *See Walji v. Gonzales*, 500 F.3d 432, 435-36 nn. 4 & 5 (5th Cir. 2007) (collecting cases).

Thus, because more than 120 days have passed since Petitioner's examination, the Court has subject matter jurisdiction over Petitioner's application for naturalization.

Pursuant to § 1447(b), this Court may either decide the matter of naturalization or remand the matter to USCIS with instructions as to proceeding forward. Because the FBI background check is an important, necessary and statutorily required part of the process of naturalization which this Court is not equipped to conduct, the Court will not adjudicate Petitioner's application without it. Nevertheless, the Court is concerned that

---

[1] In the absence of a Third Circuit statement on the issues raised, the Court is also persuaded by the reasoning set forth in other recent cases within this district, including *Kheridden v. Chertoff*, No. 06-4792, 2007 U.S. Dist. LEXIS 13571, 2007 WL 674707 (D.N.J. Feb. 28, 2007), *Ibis v. Gonzales*, No. 07-1773, 2007 U.S. Dist. LEXIS 66576, 2007 WL 2687453 (D.N.J. Sept. 10, 2007) and *Daami v. Gonzales*, No. 05-3667, 2006 U.S. Dist. LEXIS 37539, 2006 WL 1457862 (D.N.J. May 22, 2006).

the process is being delayed by the failure to conduct the check, as Petitioner's application has been pending for more than 21 months since her examination, and the FBI has had the name check request for more than 28 months. Therefore, the Court will remand this matter to USCIS with instructions to determine the current status of Petitioner's background check within 45 days and to expedite the process. Once USCIS receives the results of the name check, it is directed to make a decision on Petitioner's application as expeditiously as possible, but no later than 60 days after the receipt of the check results. This Court will retain jurisdiction to consider alternative remedies should these efforts prove fruitless.

## III.   CONCLUSION

For the reasons expressed above, the Court **DENIES** Respondents' Motion to Dismiss and **REMANDS** to USCIS with instructions. An appropriate Order accompanies this Letter Opinion.

                                                s/William J. Martini
                                                **William J. Martini, U.S.D.J.**